## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL HERNANDEZ,

                Petitioner,

vs.                                   No.  16-0085-DRH

UNITED STATES OF AMERICA,

                Respondent.


## MEMORANDUM and ORDER


**HERNDON, District Judge:**

### I. Introduction, Background and Procedural History

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1).  The government opposes the motion (Doc. 5).  Based on the following, the Court denies the petition.  Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter.  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner

did not provide additional facts or assertions that would warrant a hearing).

On September 18, 2013, the grand jury returned a five count indictment charging Hernandez in three of the counts with one count of conspiracy to distribute methamphetamine (Count 1), one count of possession with the intent to distribute methamphetamine (Count 2) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 3). *See United States v. Gonzalez*, 13-CR-30201-DRH-02; Doc. 18. On September 18, 2014, Hernandez pled guilty to the charges. *Id*. at Docs. 134 & 135. On January 23, 2015, the Court sentenced Hernandez to 300 months, consisting of 240 months on each of Counts 1 & 2, to be served concurrently, and 60 months on Count 3, to run consecutive to the term imposed in Counts 1 & 2 and judgment reflecting the same was entered. *Id*. at Docs. 188 & 191. Hernandez did not appeal his sentence or conviction. During these proceedings, Hernandez was represented by retained attorney James Stern.

Subsequently, Hernandez filed this § 2255 petition on January 25, 2016. Hernandez claims that his lawyer was ineffective in that he failed share discovery with him; failed to request a competency hearing and did not attempt to negotiate a plea bargain. As the motion is ripe, the Court turns to address the merits of the petition.

## II. <u>Legal Standard</u>

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816.  Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice.  *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir.

2000).  The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding.  *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34.  Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance.  *Massaro,* 538 U.S. at 504-05.  For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III. <u>Analysis</u>

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441,

25 L.Ed.2d 763 (1970).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v. United States,* 211 F.3d 429, 434 (7th Cir. 2000).  Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim.  *Strickland,* 466 U.S. at 697; *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland,* 466 U.S. at 689.  The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed,* 894 F.2d 871, 877 (7th Cir. 1990).  With regards to the second prong of *Strickland,* the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428,

435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."  *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

In the instant case, the Court cannot say that Stern's performance significantly prejudiced Hernandez or that Stern's representation fell below an objective standard of reasonableness.  Further, the Court cannot say that despite these alleged errors the results of the proceedings would have been different.

Here, the Court finds that Hernandez's petition fails.  Specifically, the Court finds that Hernandez has not met his burden as his petition does not contain any facts to support his arguments. Hernandez did not attach any portions of the record nor did he did not file a declaration stating any facts that would support his claims.  It is a bare bones petition.  Furthermore, Hernandez did not sign his motion under penalty of perjury, as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings.[1]  Moreover, the Court rejects Hernandez's arguments that his counsel did not provide discovery to him, that counsel failed to request a competency hearing and that counsel failed to negotiate a plea.  Hernandaz's unsworn unsupported claims are self-serving allegations.  *See United States v. Standiford*, 148 F.3d 864, 869-70 (7th Cir. 1998)(district court was justified in not crediting defendant's "self-serving" assertion of ineffective assistance of counsel

---

[1] Rule 2(b)(5) states: "**Form.** The motion must: be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant."

which found no support in the record and was contradicted by the Fed. R. Crim. Rule 11 colloquy).  In fact, the sworn affidavit of Mr. Stern states that he did discuss the case with Hernandez, that he did review potential suppression issues, that he had no reason to doubt Hernandez's competency and that he did negotiate a plea on behalf of Hernandez.  Mr. Stern's sworn statements are supported by the transcript of the change of plea hearing and the correspondence of the attorneys in the case regarding plea negotiations.[2]

The Court concludes that Hernandez's claims that his counsel was ineffective are without merit.  His bald assertions (which are either not true or not supported by the record) that his counsel was ineffective are insufficient basis to grant him the relief he seeks.  "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct."  *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United* States, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold

---

[2] During the change of plea hearing, the following exchange took place: Court: "And you are fully satisfied with the work that Mr. Stern has done for you as your lawyer, his counsel, representation, advice?"  Hernandez: "Yes, sir."  (Doc. 5-2, p. 6 lines 10-13).  Also, during the change of plea the following exchange took place:  Court: "And, sir, have you been recently treated for any mental illness or addiction to narcotic drugs of any kind? " Hernandez: "No, not – well, I was going to the drug class in the jail but I wasn't treated for drugs or nothing."  Court: "You're not treated by a doctor?" Hernandez: "No. No, sir." Court: "Haven't been into a rehab program lately?" Hernandez: "No, sir." Court: "So these drug classes are just –" Hernandez: "They're just on my own will.  I signed up for the NA classes there."  Court: "The just lecture you?"  Hernandez: "Actually, it is a 12-step program just like outside in the world."  (Doc. 5-2, p. 4 lines 9-24).

requirement for the purposes of a § 2255).   In fact, the Court concludes that Stern's actions were reasonable and sound in light of the circumstances.

Hernandez's sentence and conviction are legal.   He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.   Thus, the Court rejects Hernandez's 28 U.S.C. § 2255 petition/motion.   Finally, the Court notes that letting Hernandez's conviction and sentence stand would not result in a fundamental miscarriage of justice.   *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted.   *See Sandoval*, 574 F.3d at 852.  A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a

constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## IV. <u>Conclusion</u>

Accordingly, the Court **DENIES** Hernandez's motion under 28 U.S.C.

§ 2255 motion to vacate, set aside or correct sentence by person in federal custody.  The Court **DISMISSES with prejudice** this cause of action.  The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.  Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 14th day of April, 2016.

Digitally signed by
Judge David R.
Herndon
Date: 2016.04.14
11:55:44 -05'00'

**United States District Court**